UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DION A. THOMPSON,

Petitioner,

v.   409CV144

DANNIE THOMPSON, *Warden*, and THE ATTORNEY GENERAL OF THE STATE OF GEORGIA,

Respondents.

## ORDER

Before the Court is 28 U.S.C. § 2254 petitioner Dion A. Thompson's motion for a Certificate of Appealability ("COA"). Doc. # 16. The Court also construes his motion as an implied request for leave to appeal *in forma pauperis* (IFP). The Magistrate Judge recommended the denial of Thompson's habeas corpus petition, doc. # 10 (Report and Recommendation ("R&R")), which this Court adopted on 4/19/10, doc. # 13. Thompson appealed the Court's adoption Order on 5/27/10. Doc. # 15.

Under the Antiterrorism and Effective Death Penalty Act, "[b]efore an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA...." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253(c)(1). To obtain a COA, a § 2255 movant must make "a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336 (quoting § 2253(c)(2)). "Where a district court has rejected the constitutional claims on the merits, ... the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has reviewed the R&R, doc. # 10, Thompson's objection to that R&R, doc. # 12, and his motion for a COA, doc. # 16, and discerns no COA-worthy issues for appeal. As explained in the R&R, Thompson asks the Court to "impose an incredibly rigorous burden upon his appellate attorney," one in which his counsel "should have followed all investigative leads that *might* have led to favorable evidence in order to 'properly and effectively' raise it." Doc. # 10 at 14-15. This heightened level of attorney performance is not guaranteed by the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("[T]he defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."). Thompson, moreover, has offered nothing to show that his trial counsel's "failure to further investigate or present ... evidence was prejudicial in light of the other testimony presented at trial."[1] Doc. # 10 at 15 n.6; s*ee Strickland*, 466 U.S. at 668 ("[T]he defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.").

Reasonable jurists would therefore agree that Thompson was not denied his Sixth Amendment right to counsel,[2] so his motion

---

[1] Thompson's habeas petition is unique in that he implicitly challenges the effectiveness of his trial counsel by challenging the performance of his appellate counsel (i.e., appellate counsel was ineffective because of his failure to effectively raise new evidence in the context of ineffectiveness of trial counsel). *See* doc. # 10 at 11-12. The prejudicial effect of trial counsel's alleged ineffectiveness is thus relevant to appellate counsel's *Strickland* inquiry.

[2] Reasonable jurists would further agree that the state habeas court's assessment of appellate counsel's performance was not "contrary to or an unreasonable application of clearly established federal law, [and] that its decision [did not] involve[] an unreasonable

for a COA is ***DENIED***. Doc. # 16. Because Thompson's claim is meritless, his implied request for leave to appeal IFP is likewise ***DENIED***.[3] *Id.*

This day of 23 June 2010

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

determination of the facts." Doc. # 10 at 16; *see* 28 U.S.C. § 2254(d).

[3] To obtain IFP status on appeal, a party's appeal must be taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith, in turn, means that there is an issue on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. U.S.*, 369 U.S. 438, 445 (1962). A claim is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).